UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID E. STRUBLE ,

                                  Petitioner,

   v.                                                                                                Case # 24-CV-6036-FPG

                                                                                            DECISION AND ORDER

DANIELLE TOPE, Executive Director STARC-
Oakview,

                                  Respondent.

---

## INTRODUCTION

*Pro se* Petitioner, David E. Struble, brings this habeas petition to challenge his state-court conviction for attempted first-degree rape. ECF No. 1. Respondent, Danielle Tope, moves to dismiss the petition pursuant to 28 U.S.C. § 2244(d) on the ground that the petition is untimely. ECF No. 13. Petitioner concedes that his petition, insofar as it challenges his criminal conviction, is time barred.[1] ECF No. 21 at 1. For the reasons that follow, Respondent's Motion to Dismiss is GRANTED, and Petitioner's petition is DISMISSED.

## BACKGROUND

On July 22, 2015, Petitioner pleaded guilty to attempted first-degree rape. ECF No. 13-3 at 16. He was sentenced to a determinate five-year prison sentence and eight years post-release supervision. *Id.* at 26. As a part of the negotiated plea deal, Petitioner waived his right to appeal

---

[1] In Petitioner's Response to Respondent's Motion to Dismiss (ECF No. 21), he states that while he concedes that his petition as it challenges his criminal conviction is time barred, he opposes the Motion to Dismiss as it relates to his request for habeas relief from his civil confinement. ECF No. 21 at 1. Because the Court construes the petition to challenge only his criminal conviction, it does not read the petition as challenging Petitioner's civil confinement. The Court therefore takes no position on Petitioner's civil confinement, and this decision does not preclude Petitioner from filing a separate action challenging his civil confinement.

1

and had to register as a sex offender. *Id.* at 20, 28. On January 14, 2016, Petitioner was arraigned and resentenced to the previously imposed sentence because he was a second felony offender, and the court had not arraigned Petitioner on the second felony offender information in the first proceeding. *Id.* at 24.

On October 2, 2019, Petitioner received a letter informing him that he had been identified as a possible detained sex offender and that under New York's Sex Offender Management and Treatment Act ("SOMTA"), he could be subject to civil management after his release from prison. *Id.* at 29. The letter explained that one of the possible outcomes of civil management was transfer to a secure treatment facility operated by the Office of Mental Health, where Petitioner would be held until a court determined he should be released. *Id.* In November 2019, the New York Attorney General's Office petitioned for the civil management of Petitioner. *Id.* at 33. On November 22, 2019, Petitioner waived his right to a probable cause hearing and consented to confinement in a sex offender treatment program pending a trial in the matter. *Id.* at 46–47. As a result, Petitioner is currently a civil committee under SOMTA, confined at STARC-Oakview. *See* ECF No. 1-1 ¶ 30. As of October 2024, he was still awaiting the trial in his civil management case. ECF No. 21 at 1.

On May 5, 2022, Petitioner filed a *pro se* motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 in state court. ECF No. 13-3 at 50. The Monroe County Court summarily denied his motion on September 21, 2022. *Id* at 67. On January 9, 2023, the Appellate Division denied leave to appeal that decision. *Id.* at 68. On January 2, 2024, Petitioner filed the present petition. ECF No. 1. In his petition, he alleges that his conviction in Monroe County Court, New York, on or about January 14, 2016, was unconstitutional because his counsel was ineffective when he was not informed that his guilty plea would expose him to civil

confinement under SOMTA, his guilty plea was not knowing and intelligent, and he is actually innocent. *Id.* at 3. He seeks habeas relief pursuant to 28 U.S.C. § 2254. *Id.* at 1.

## DISCUSSION

Respondent argues that under 28 U.S.C. § 2244(d)(1), this petition is untimely and therefore must be dismissed. ECF No. 13 at 1. Specifically, she argues that the petition is untimely because it was filed after the statutory limitations period expired and it does not qualify for statutory tolling, equitable tolling, or for an equitable exception to the time limitations. ECF No. 14 at 9. The Court discusses each argument in turn.

First, the Court concludes that the petition is untimely under 28 U.S.C. § 2244(d)(1)'s time limitations for habeas petitions. According to § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, Petitioner does not allege that there was an impediment to filing his application or that he is asserting a newly recognized right. Thus, the time limitation

must be calculated either under § 2244(d)(1)(A)—from the date on which the judgment became final—or under § 2244(d)(1)(D)—the date on which the factual predicate of the claim could have been discovered through due diligence.

For purposes of § 2244(d)(1)(A), when a petitioner does not file a notice of appeal from his New York state-court judgment, the judgment becomes "final" after the thirty-day period for filing a notice of appeal expires. *See Bethea v. Girdich,* 293 F.3d 577, 578–79 (2d Cir. 2002) (citing N.Y. Crim. Proc. Law, § 460.10(1)). In the instant case, Petitioner did not appeal his conviction, so the date on which Petitioner's conviction became final was February 13, 2016—thirty days after Petitioner's resentencing on January 14, 2016. *See* ECF No. 1 at 13. Therefore, exclusive of any tolling periods, Petitioner had one year from February 13, 2016, to file a timely habeas petition. As he did not file this petition until January 2, 2024, it is untimely under § 2244(d)(1)(A). *See id.* at 15.

Prior to the filing of the instant motion, this Court had determined that it appeared that the petition was untimely and ordered Petitioner to show cause why the petition should not be dismissed. ECF No. 4. In his response (ECF No. 5), Petitioner appeared to argue that the limitations period should be calculated under § 2244(d)(1)(D) and that the factual predicate of his claim was his learning that he could be subject to civil management. ECF No. 5 at 5. However, even if the time limitation was calculated from the date he learned of the possibility of civil management, the petition would still be untimely. Petitioner learned that he could be subject to civil management on October 2, 2019, but he did not file this petition until January 2, 2024. ECF No. 13-3 at 29; ECF No. 1 at 15. Therefore, because his petition was filed more than a year after he learned of the possibility of being subject to civil management, his petition would also be untimely under § 2244(d)(1)(D).

Second, the Court concludes that Petitioner is not entitled to the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2). Under § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*).

Here, Petitioner filed a 440.10 motion in state court collaterally attacking his conviction. ECF No. 1 at 3. Generally, the time limitations would be tolled from the date the 440.10 motion was filed until the time the Appellate Division denied the application for a certificate granting leave to appeal. However, Petitioner did not file his 440.10 motion until May 5, 2022, which was after § 2244(d)(1)'s time limitations had already expired. *See* ECF No. 13-3 at 53. The time limitations for habeas petitions cannot be tolled under § 2244(d)(2) after they expire. *See Bell v. Herbert*, 476 F. Supp. 2d 235, 240 (W.D.N.Y. 2007). Thus, because Petitioner did not file his 440.10 motion until after the time limitations had run, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

Finally, the Court concludes that Petitioner is not entitled to equitable tolling and has not provided a viable equitable excuse for untimeliness. In Petitioner's Response (ECF No. 5) to this Court's Order to Show Cause (ECF No. 4), he argued, among other things, that he is entitled to equitable tolling of the period of limitations, and that his petition presents a "credible" and "compelling" claim of actual innocence. ECF No. 5 at 4–6. Respondent argues in her Motion to Dismiss that these arguments are meritless. ECF No. 14 at 13–18. In his Response to the Motion

to Dismiss, Petitioner does not defend these arguments and concedes that his claims challenging his criminal conviction are time barred. ECF No. 21 at 1. Consequently, the Court concludes that Petitioner is not entitled to equitable tolling and has not provided a viable equitable excuse to the statutory time limitations. Therefore, the petition is untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss, ECF No. 13, is GRANTED, and Petitioner's petition for a writ of habeas corpus, ECF No. 1, is DISMISSED. Because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. Petitioner's request for appointment of counsel, ECF No. 16, is also DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   November 21, 2024
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK